# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1213
Lower Tribunal No. 22-48778-SP-23
_____

**State Farm Mutual Automobile
Insurance Company,**
Appellant,

vs.

**Universal X Rays Corp., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ayana Harris, Judge.

Akerman LLP, and Nancy A. Copperthwaite, Marcy L. Aldrich and Bryan T. West, for appellant.

My Appeal, PLLC, and Neil Rose, for appellee.

Colodny Fass, and Maria Elena Abate and Cassandra L. Egas (Sunrise), for Personal Insurance Federation of Florida, Inc., and National Association of Mutual Insurance Companies, as amici curiae.

Before LOGUE, LINDSEY, and GORDO, JJ.

PER CURIAM.

## ON CONFESSION OF ERROR

In 2022, Universal filed this action in county court. Pursuant to an assignment of benefits from State Farm insured Danay Rodriguez ("Rodriguez"), Universal sought benefits under the Florida Motor Vehicle No-Fault ("PIP") Statute, Section 627.736, Florida Statutes, and Rodriguez's auto insurance policy (the "Policy"). State Farm's Policy elects to limit reimbursement for PIP medical expenses based on the PIP Statute's schedule of maximum charges (the "Schedule"). See § 627.736(5)(a)(1), Fla. Stat. (2018). The Policy also notes that, as authorized by the PIP Statute, State Farm will apply coding policies and payment methodologies used by the federal Centers for Medicare and Medicaid Services ("CMS") in calculating reimbursements for medical services. See § 627.736(5)(a), Fla. Stat.

State Farm paid Universal for diagnostic medical tests performed on Rodriguez following her automobile accident. In accordance with the PIP Statute and the PIP provisions of its Policy, State Farm reimbursed Universal based on the Schedule. And in its payment calculation, State Farm included a factor embedded in the Schedule's formula – specifically, Medicare's Budget Neutrality Adjustment ("BNA").

Upon consideration of the parties' cross-motions for summary judgment, the county court issued an order denying State Farm's Motion and granting Universal's Motion. See Universal X Rays Corp. v. State Farm Mut. Auto. Ins. Co., 33 Fla. L. Weekly Supp. 123a (Fla. Miami-Dade Cnty. Ct. Apr. 30, 2025). The court then entered judgment in favor of Universal for $8.24. State Farm timely appealed the Final Judgment.

In its Initial Brief, State Farm raised a legal issue that is the subject of a certified conflict—namely, what is the applicable Medicare source to calculate payment for the provider charges in these PIP suits. See Progressive Select Ins. Co. v. In House Diagnostic Servs., Inc., 359 So. 3d 817 (Fla. 4th DCA 2023) (en banc) (certifying conflict with Priority Med. Ctrs., LLC v. Allstate Ins. Co., 319 So. 3d 724 (Fla. 3d DCA 2021)); Progressive Express Ins. Co. v. SimonMed Imaging, 363 So. 3d 1196 (Fla. 6th DCA 2023) (same). This commonly is called the "Limiting Charge" issue.

State Farm raised a second issue on appeal—the propriety of its inclusion of the BNA in calculating Universal's reimbursement. The BNA issue was the basis of the trial court's ruling in this case.

Upon review of Record and the Initial Brief, Universal has determined that State Farm's position as to the BNA is correct and, therefore, confesses error as to that issue. We agree. And in accordance with the agreement of

3

Universal and State Farm, we: (a) accept Universal's Confession as to the BNA issue; (b) allow State Farm to withdraw its argument as to the Limiting Charge issue; (c) reverse the Final Judgment; and; (d) remand the matter to the trial court with directions to enter final judgment in favor of State Farm and to award fees and costs.

Reversed and remanded.